**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PUBLIC ADVOCATE OF THE UNITED STATES, 4451 Brookfield Corporate Drive Suite 104 Chantilly, VA 20151, <br><br>Plaintiff, <br><br>v. <br><br>UNITED STATES DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue, N.W. Washington, DC 20530, <br><br>Defendant. | Civil Action No. 19-984 |

## COMPLAINT

Plaintiff Public Advocate of the United States brings this action against Defendant the United States Department of Justice ("Justice Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a District of Columbia non-stock corporation with its principal place of business in Chantilly, Virginia. Plaintiff is organized and operated as a non-profit membership

1

organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code.  Plaintiff seeks to promote social welfare through informing and educating the public on conservative ideas and positions in issues such as pro-life causes, traditional marriage, family values, school prayer, and faith-based initiatives, along with education and litigation to protect the family, traditional values, and civil liberties.

4. Defendant, the United States Department of Justice, is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 30, 2018, Plaintiff submitted two separate FOIA requests, by e-mail, to Defendant.  *See* Exhibits A and B.

6. One request was submitted to the Department of Justice ("DOJ").  The other request was submitted to the Executive Office for United States Attorneys ("EOUSA"), a component within DOJ.

The requests sought:

copies of all records demonstrating compliance or noncompliance with the DOJ's implementation of the Sessions USA Memo directive to appoint [religious liberty] "points of contact" within each United States Attorney office.  Additionally … a list or other records of such religious liberty "points of contact" that have been designated in each U.S. attorney's office, together with contact information for that person.  [*See* Exhibits A and B.]

The time period covered by the FOIA requests was October 6, 2017 to the date that processing of the requests was initiated.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to Plaintiff's FOIA requests within 20 working days of each request.

**The FOIA Request to DOJ**

8.  The DOJ acknowledged receipt of its FOIA request on May 1, 2018, and assigned it Tracking Number EMRUFOIA043018-2.  *See* Exhibit C.

9.  The DOJ acknowledgment stated that "[w]e have referred your request to the DOJ … component(s) most likely to have the records," namely EOUSA.  *See* Exhibit C.

10. On May 4, 2018, Plaintiff sent a follow up letter to DOJ, noting that Plaintiff "already submitted an identical request to EOUSA" and "continue[s] to believe that DOJ leadership (in addition to the EOUSA) may possess records responsive to our request."  *See* Exhibit D.  Thus, Plaintiff requested that DOJ process its request separately from the EOUSA request.

11. DOJ provided no further response to Plaintiff's FOIA request.

12. On October 31, 2018, Plaintiff sent a letter to DOJ's Office of Information Policy ("OIP"), appealing DOJ's refusal to respond to its FOIA request.  *See* Exhibit E.

13. On November 7, 2018, OIP acknowledged receipt of Plaintiff's appeal, and assigned it Tracking Number DOJ-AP-2019-000708.  *See* Exhibit F.

14. On March 20, 2019, Plaintiff sent a followup letter to OIP, asking for an update on the status of its DOJ appeal.  *See* Exhibit G.

15. Plaintiff has received no further correspondence from the OIP or DOJ with respect to its FOIA request.

**The FOIA Request to EOUSA**

16. EOUSA acknowledged receipt of Plaintiff's FOIA request June 13, 2018, and assigned it Tracking Number EOUSA-2018-004115.  *See* Exhibit H.  This acknowledgment

stated that Plaintiff's simple FOIA request "has been assigned to the complextrack [sic]," and stated that "we respectfully request that you modify and narrow the scope of your request."

17. Between September 13 and October 4, 2018, Plaintiff's counsel placed three phone calls and left three messages with the government attorney assigned to handle Plaintiff's FOIA request. Those calls were not returned.

18. On October 31, 2018, Plaintiff sent a letter to DOJ's Office of Information Policy ("OIP"), appealing EOUSA's refusal to respond to its FOIA request. *See* Exhibit I.

19. On November 6, 2018, OIP acknowledged receipt of Plaintiff's appeal, and assigned it Tracking Number DOJ-AP-2019-000706. *See* Exhibit J.

20. On November 13, 2018, OIP again acknowledged receipt of Plaintiff's appeal, and assigned it another Tracking Number EOUSA-2019-000711. See Exhibit K.

21. Again on November 13, 2018, OIP for a third time acknowledged receipt of Plaintiff's appeal, and assigned it another Tracking Number EOUSA-2019-000712. *See* Exhibit L.

22. On March 20, 2019, Plaintiff sent a followup letter to OIP, asking for an update on the status of its EOUSA appeal. *See* Exhibit M.

23. On March 27, 2019, Plaintiff received from OIP an email stating that it had "closed" Plaintiff's appeal, along with an OIP letter dated March 15, 2019 which stated that DOJ "regulations provide for an administrative appeal … only after there has been an adverse determination by a component." *See* Exhibit N. However, the OIP letter claimed that "I can assure you that this Office has contacted EOUSA and has been advised that [Plaintiff's] FOIA request is being processed."

24.     However, Plaintiff has received no further correspondence from EOUSA with respect to its FOIA request.

25.     The statutory deadline has long passed, and Defendant has failed to provide a substantive response to Plaintiff's FOIA requests.  As of the date of this Complaint, Defendant has failed to produce a single responsive record or assert any claims that responsive records are exempt from production.

26.     Since Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have fully exhausted any and all administrative remedies with respect to its FOIA requests.  *See* 5 U.S.C. § 552(a)(6)(C).

27.     Plaintiff is a nonprofit organization seeking information with which to inform and educate the public about the workings of government.  Release of the records requested is in the public interest.

## CAUSE OF ACTION #1
### (Violation of FOIA, 5 U.S.C. § 552)

28.     Plaintiff realleges paragraphs 1 through 27 as though fully set forth herein.

29.     DOJ has failed to make a determination regarding Plaintiff's April 30, 2018 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

30.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## CAUSE OF ACTION #2
### (Violation of FOIA, 5 U.S.C. § 552)

31. Plaintiff realleges paragraphs 1 through 30 as though fully set forth herein.

32. EOUSA has failed to make a determination regarding Plaintiff's April 30, 2018 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

33. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiff's requests;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c. An order and judgment permanently enjoining Defendant from continuing to withhold any and all non-exempt records in this case that are responsive to Plaintiff's FOIA requests;

d. Attorneys' fees and costs to Plaintiff pursuant to any applicable statute or authority, including 5 U.S.C. § 552(a)(4)(E); and

e.  Any other relief that this Court in its discretion deems just and proper.

   /s/ Robert J. Olson_____
Robert J. Olson
(D.C. Bar No.1029318 )
William J. Olson
(D.C. Bar No. 233833)
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiff*
Dated:  April 9, 2019    PUBLIC ADVOCATE OF THE U.S.